IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| RONNIE M. BYRD, JR., | * |
| | * |
| Plaintiff, | * |
| vs. | * |
| | *   No. 3:10-cv-00094-SWW-JJV |
| CRAIGHEAD COUNTY, ARKANSAS; | * |
| CITY OF JONESBORO, ARKANSAS; | * |
| and JASON R. SIMPKINS, Detective, | * |
| | * |
| Defendants. | * |

**ORDER**

Plaintiff, a pretrial detainee at the Poinsett County Detention Center, filed this *pro se* Complaint (Doc. No. 2) pursuant to 42 U.S.C. § 1983. He has named as a Defendant Detective Jason R. Simpkins, who is employed either at the Craighead County Sheriff's Department or for the City of Jonesboro Police[1], and challenges his arrest by Defendant Simpkins for the theft of a truck. By way of relief he seeks monetary damages and dismissal of his criminal charges.

**I.  SCREENING**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

---

[1] This case was docketed showing three Defendants: Detective Simpkins, the City of Jonesboro, and the Craighead County Sheriff's Department. It appears from the Complaint, however, that Plaintiff simply listed these two agencies as alternatively being the employer of Detective Simpkins and did not intend to name these entities as defendants. Based on the nature of the facts asserted and the disposition directed in this Order, the issue is moot.

## II. FACTUAL BACKGROUND

Plaintiff's Complaint (Doc. No. 2) arises out of an allegedly false arrest for the theft of a truck. He states that Detective Simpkins based the charges on information provided by a convicted felon who lied and implicated Plaintiff. Plaintiff states he can prove his innocence because he was incarcerated while the events giving rise to his charges occurred. Plaintiff has not been convicted of this crime although his probation was apparently revoked.

## III. ANALYSIS

Plaintiff's claims are presently barred under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37, 59 (1971). The *Younger* principle provides that federal courts should abstain from hearing cases when there is an ongoing state judicial proceeding that implicates important state interests, and when that proceeding affords an adequate opportunity to raise the federal questions presented. *See Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005). Because Plaintiff's state criminal case is still pending, "a federal court must not, save in exceptional and extremely limited circumstances, intervene by way of either injunction or declaration in an existing state criminal prosecution." *Younger*, 401 U.S. at 56. Although a narrow bad faith exception to the *Younger* abstention doctrine does exist, when a criminal prosecution is initiated "to retaliate for or discourage the exercise of constitutional rights," no such bad faith is apparent here as the criminal proceeding preceded this lawsuit. *See Mershon v. Kyser*, 852 F.2d 335, 337 (8th Cir. 1988). Further, Plaintiff has not alleged that the state court proceeding will not provide him with an adequate opportunity to raise his federal constitutional claims.

The United States Supreme Court reaffirmed its commitment to the "hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments" in a recent decision, *Wallace v. Kato*, 549 U.S. 384, 392 (2007), citing *Heck v.*

*Humphrey*, 512 U.S. 477, 482 (1993).

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. *See* [*Heck*], at 487-488, n. 8, 114 S.Ct. 2364 (noting that "abstention may be an appropriate response to the parallel state-court proceedings"); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996). If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit. *Edwards v. Balisok*, 520 U.S. 641, 649, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Heck*, 512 U.S., at 487, 114 S.Ct. 2364.

*Wallace* at 393-94.

Accordingly, the Court will abstain from hearing Plaintiff's illegal arrest claims, and these claims are stayed and administratively terminated. *See Yamaha Motor Corp. v. Stroud*, 179 F.3d 598 (8th Cir. 1999) (stay rather than dismissal appropriate when damages are sought and the court is not being asked to declare a state statute unconstitutional.) Plaintiff may proceed by filing a motion to reopen this case after the state proceedings have concluded.

## IV.   CONCLUSION

For all these reasons,

IT IS THEREFORE ORDERED that:

1.   All proceedings in this case are STAYED pending final disposition of the criminal charges pending against plaintiff;

2.   This case is administratively closed pending final disposition of the criminal charges against plaintiff, and may be reopened by plaintiff's filing of a motion to reopen the case after such final disposition; and

3.   All pending motions are denied as moot, without prejudice to re-filing should the case be reopened after final disposition of the pending criminal charges.

...

DATED this 13th day of May, 2010.

                                      /s/Susan Webber Wright
                                      UNITED STATES DISTRICT JUDGE